■ JANE M. HAZEN, Respondent, v RICHARD N. HAZEN, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered September 22, 1989 in Albany County, which denied defendant's motion for, *inter alia,* blood-grouping tests to determine the paternity of plaintiff's son.

In 1976, plaintiff married defendant's son. They separated, without obtaining a divorce, in 1977. Shortly thereafter, plaintiff began living with defendant. Plaintiff bore a child in March 1979 and, although still married to defendant's son, supplied defendant's name as the father on the child's birth certificate. In July 1979, plaintiff's divorce from defendant's son was finalized. In July 1980, plaintiff married defendant. In 1984, plaintiff commenced an action for divorce, alleging that the child was of the marriage. Defendant failed to answer and a default judgment of divorce was entered. The judgment provided for plaintiff to have sole custody of the child and that Family Court had concurrent jurisdiction over child support and visitation, for which no other provisions were made in the judgment. In 1988, plaintiff sought child support in Family Court and, over defendant's objection and denial of paternity, was awarded $50 per week. By order to show cause, defendant then sought to stay enforcement of that award and to have blood-grouping tests performed to establish paternity of the child. Following a hearing, Supreme Court denied the motion and defendant appeals.

Defendant argues that Supreme Court abused its discretion in failing to allow the blood-grouping tests which might have provided a basis to modify the parties' divorce judgment. Specifically, he claims that he never acknowledged paternity of the child and agreed not to contest the divorce if plaintiff agreed not to seek child support. He argues that plaintiff's application for child support effectively undermines this tacit agreement. Contrary to this argument, we find no basis to disturb Supreme Court's denial of defendant's motion. The judgment of divorce clearly sets forth that any questions concerning child support are to be resolved in court and

plaintiff's testimony reveals that the tacit agreement between the parties related to her not seeking child support at the time of divorce. Defendant's contrary recitation of this agreement merely created a question of fact for Supreme Court to resolve. Considering also that defendant did not object to his designation as father on the child's birth certificate, provided some support for the child, was represented by counsel at the time of his divorce, read the judgment of divorce and failed to appeal from the award of child support, we find no abuse of Supreme Court's discretion in denying defendant's motion.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.